UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARJUAN SHONDELL FLEMING,

            Plaintiff,                        Case No. 1:14-cv-476

v.                                            Honorable Janet T. Neff

KALAMAZOO DEPARTMENT
OF PUBLIC SAFETY et al.,

            Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Kalamazoo Department of Public Safety. The Court will serve the complaint against Defendants City of Kalamazoo, Officer Michael Ferguson and Sergeant (Unknown) Boysen.

## Discussion

      I.      Factual allegations

Plaintiff Marjuan Shondell Fleming presently is incarcerated at the United States Penitentiary in Atwater, California. Plaintiff sues the City of Kalamazoo (City), the Kalamazoo Department of Public Safety (KDPS), Officer Michael Ferguson, Sergeant (Unknown) Boysen and Unknown Parties.

Plaintiff alleges that Defendants Ferguson, Boysen and Unknown Parties wrote police reports which falsely claimed that Plaintiff had sold crack cocaine to a confidential informant (CI) on July 15 and 26, 2010. Additionally, Defendant Ferguson filed field evidence test kits that falsely reflected that a substance the CI purchased from Plaintiff on July 15 and 26, 2010 tested positive for cocaine. Further, Plaintiff alleges that on July 15, 2010 Defendant Ferguson filed a false evidence destruction form to make it appear as if the "false and non-existent crack evidence existed." (Compl., docket #1, Page ID#67.) Finally, Plaintiff alleges that Defendant Ferguson conspired with other Unknown Parties to create false reports against Plaintiff because they suspected that Plaintiff was a "poor African American drug dealer and such malfeasance would likely escape notice or scrutiny" and even though Defendant Ferguson and the other Unknown Parties knew that Plaintiff had not sold crack cocaine on July 15 or 26, 2010. (*Id.* at Page ID#88.)

Plaintiff alleges that Defendants continue to harm him because they have withheld or destroyed evidence that would prove that Plaintiff did not sell the CI crack cocaine on July 15 or 26, 2010. Additionally, Defendants have committed "fraud on the court" by filing false criminal charges against Plaintiff and by failing to inform the court that evidence regarding the alleged July 15 and 26, 2010 drug buy was not lost or destroyed but, in fact, never existed and that no sales of crack cocaine took place on July 15 or 26, 2010. (*Id.*)

Defendant Boysen is the immediate supervisor of Defendant Ferguson and failed to investigate and supervise Defendant Ferguson's conduct. All Defendants were employed by Defendant City. Defendants City and the KDPS failed to supervise members of the Kalamazoo Valley Enforcement Team, and audit their officers or the evidence room after the Defendants destroyed the physical evidence and all of the reports. Plaintiff alleges that Defendant City failed to train, supervise and audit its policies and procedures for the handling and documentation of evidence by its officers after the prosecutor determined that the CI did not purchase crack cocaine from Plaintiff on July 15 and 26, 2010. Defendants, acting together, destroyed all evidentiary records and reports detailing their conduct.

On April 4, 2011, in connection with Plaintiff's criminal trial, the United States District Court dismissed the charges related to alleged drug sales on July 15 and 26, 2010.

Plaintiff claims that Defendant have violated and conspired to violate his right to due process by maliciously prosecuting Plaintiff for crimes they knew he did not commit.

As relief, Plaintiff seeks injunctive relief and compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state

a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

At this juncture, Plaintiffs allegations are sufficient to warrant service on Defendants City, Ferguson and Boysen. However, Paintiff fails to state a claim against KDPS. KDPS does not exist as a separate legal entity; it is simply an agent of the city. *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. Cnty. of Antrim*, 707 F. Supp. 304, 306

(W.D. Mich. 1988) and *Bayer v. Almstadt*, 185 N.W.2d 40, 44 (Mich. Ct. App. 1970)). Accordingly, the Court will dismiss the KDPS.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant KDPS will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court will serve the complaint against Defendants City, Ferguson and Boysen.[1]

An Order consistent with this Opinion will be entered.


Dated:   October 1, 2014              /s/ Janet T. Neff
                                      Janet T. Neff
                                      United States District Judge

---

[1] The Court is currently without sufficient information to order service on Unknown Parties.