UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARJUAN FLEMING,

       Plaintiff,                             Hon. Janet T. Neff

v.                                           Case No. 1:14-CV-476

KALAMAZOO DEPARTMENT
OF PUBLIC SAFETY, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss. (Dkt. #28). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this action **dismissed**.

## BACKGROUND

On or about October 19, 2010, Plaintiff was indicted on six counts of distribution of cocaine and possession with the intent to distribute cocaine. *United States v. Fleming*, 1:10-cr-301, Dkt. #1 (W.D. Mich.). The dates of the alleged conduct giving rise to each count is as follows:

    (a)    Count I - July 14, 2010
    (b)    Count II - July 15, 2010
    (c)    Count III - July 21, 2010
    (d)    Count IV - July 26, 2010
    (e)    Count V - July 28, 2010
    (f)    Count VI - September 24, 2010

*Id.*

On February 24, 2011, the Honorable Robert Holmes Bell granted Plaintiff's motion to suppress certain evidence after which the United States dismissed CountVI. *Id.* at Dkt. #26-27. The United States subsequently learned that "the Kalamazoo Department of Public Safety destroyed evidence and reports related to Counts 1, 2 and 4 without consulting with the United States Attorney's Office." *Id.* at Dkt. #37. As a result, on April 4, 2011, the United States dismissed Counts I, II, and IV. *Id.* at Dkt. #35. Plaintiff was convicted, following a jury trial, of Counts III and V and sentenced to serve 276 months in prison. *Id.* at Dkt. #41, 49. Plaintiff's convictions and sentences have not been expunged, overturned, or otherwise called into question.

On April 10, 2014,[1] Plaintiff initiated the present action alleging that Defendants fabricated evidence that Plaintiff sold cocaine to a confidential informant and relied on this fabricated evidence to obtain a warrant to search his residence, thus calling into question the legitimacy of all six counts in the original indictment. (Dkt. #1). Plaintiff's complaint was subsequently dismissed by the Honorable Janet T. Neff on two grounds. (Dkt. #11). The Court first observed that to the extent Plaintiff's claims challenged the fact or duration of his confinement, such must be addressed in a petition for writ of habeas corpus rather than a § 1983 action. *Id.* The Court further concluded that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* [Plaintiff] must prove that the conviction or sentence has been [overturned]." *Id.*

---

[1] Plaintiff's complaint was received by the Court on April 18, 2011. Plaintiff signed his complaint on April 10, 2011, but provides no evidence or statement as to the date he provided his complaint to prison officials for mailing. Thus, Plaintiff has failed to demonstrate entitlement to the "prisoner mailbox rule." *See, e.g., Ross v. McKee*, 465 Fed. Appx. 469, 471 n.1 (6th Cir., Feb. 28, 2012) (under the prisoner mailbox rule, a matter is "considered filed when placed in the prison mail system"). Nevertheless, the Court will afford Plaintiff the benefit of the doubt and consider Plaintiff's complaint as filed on April 10, 2011.

Plaintiff was subsequently permitted to amend his complaint to assert claims related only to the charges in Counts II and IV which were dismissed prior to trial. (Dkt. #15-16). Plaintiff's amended claims were dismissed as to the Kalanazoo Department of Public Safety, but permitted to go forward against the City of Kalamazoo and two police officers employed by the City of Kalamazoo. (Dkt. #17). The remaining defendants now move to dismiss Plaintiff's claims on the ground that such were initiated after the expiration of the statute of limitations.

## ANALYSIS

When determining the limitations period applicable in a § 1983 action, courts must borrow the statue of limitations which governs personal injury actions in the state in which the § 1983 action was initiated. *See Owens v. Okure*, 488 U.S. 235, 239-41 (1989); *Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009). Where the relevant state law provides multiple statutes of limitation for personal injury actions, courts are to apply the "general or residual statute for personal injury actions." *Okure*, 488 U.S. at 249-50; *Bonner*, 564 F.3d at 430. Michigan law articulates multiple statutes of limitation applicable to personal injury actions. *See* Mich. Comp. Laws § 600.5805. Accordingly, the limitations period applicable in the present action is three years, as articulated in Mich. Comp. Laws § 600.5805(10). *See Hardin v. Straub*, 490 U.S. 536, 540 (1989); *Wolfe v. Perry*, 412 F.3d 707, 713-14 (6th Cir. 2005).[2] While the Court looks to state law to identify the applicable statute of limitations, federal law determines when the relevant limitations period begins to run. *See Wolfe*, 412 F.3d at 714.

---

[2] The *Hardin* court identified the relevant provision as Mich. Comp. Laws § 600.5805(8). This particular provision is presently codified at Mich. Comp. Laws § 600.5805(10).

Plaintiff cannot assert a § 1983 claim that would imply the invalidity of either a final criminal conviction or pending criminal charge unless such conviction has been expunged or overturned or such charge has been dismissed. *Id.* With respect to such claims, a cause of action accrues, and the statute of limitations begins to run, when the conviction is expunged or overturned or the criminal charge is dismissed. *Id.* As previously noted, Plaintiff was originally charged with six offenses. Count VI was dismissed on February 24, 2011, and Counts I, II, and IV were dismissed on April 4, 2011. The present action is based on conduct relating to Counts II and IV. Defendants argue that Plaintiff's cause of action accrued, and the statute of limitations began to run, no later than April 4, 2011, the date on which the charges in question were dismissed. Defendants further argue that in light of such, the present action, initiated more than three years later must be dismissed as untimely.

Plaintiff counters that his cause of action did not accrue, and the statute of limitations did not begin to run, until he realized that Defendants misrepresented the reason Counts II and IV were dismissed. Plaintiff is correct that the statute of limitations does not begin to run until he "knew or should have known of the injury which forms the basis of [his] claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001); *see also*, *Ohio Midland, Inc. v. Ohio Dept. of Transp.*, 286 Fed. Appx. 905, 911 (6th Cir., July 1, 2008); *Dotson v. Lane*, 360 Fed. Appx. 617, 619 n.2 (6th Cir., Jan. 5, 2010) (a plaintiff has reason to know of his injury when he "should have discovered it through the exercise of reasonable diligence"). The shortcoming with Plaintiff's position, however, is that his argument that he could not have known of the basis for his present claims until well after Counts II and IV were dismissed does not survive scrutiny.

Counts II and IV concerned allegations that on July 15, 2010, and July 26, 2010, Plaintiff sold cocaine to a confidential informant. The present action is based on Plaintiff's assertion that Counts

II and IV were based upon "fabricated evidence." Plaintiff asserts that he did not sell cocaine to an informant on the dates in question. The United States filed pleadings in Plaintiff's criminal action stating that Counts II and IV were dismissed because the Kalamazoo Department of Public Safety "destroyed evidence and reports" related to such. Plaintiff asserts that the evidence related to Counts II and IV never existed and that Defendants submitted "false evidence destruction form[s] on the crack cocaine, to make it appear as if the false and non-existent crack evidence existed." Plaintiff further argues that he could not have known that Defendants fabricated the evidence concerning Counts II and IV until confidential informant, Cassandra Hargrave, testified at his criminal trial on April 11, 2011. Thus, Plaintiff argues that because his present claims did not accrue until April 11, 2011, the present action was, by a single day, timely filed.

Plaintiff's argument suffers from at least two fatal flaws. First, Plaintiff's claims are based on his assertion that he did not sell cocaine to an informant on the dates in question. As Defendants correctly assert, Plaintiff did not need to hear the testimony of the confidential informant to know whether or not he sold cocaine to her on the dates in question. If Plaintiff did not sell cocaine to the informant on those dates, he would have known that from the moment he was informed of the charges against him.

Second, Plaintiff alleges that Hargrave testified that Plaintiff did not sell her drugs on July 15, 2010, or July 26, 2010. This is simply not accurate. Hargrave testified that she purchased cocaine from Plaintiff on July 21, 2010, an allegation substantiated by the testimony of a police officer involved

in managing the transaction. *United States v. Fleming*, 1:10-cr-301, Dkt. #55 at Page ID# 253-55, 306-07 (W.D. Mich.). This testimony related to Count III, a charge of cocaine distribution.[3]

While Hargrave did not testify concerning the events of July 15, 2010, or July 26, 2010, her silence regarding the events of these two dates does not possess the significance Plaintiff attaches to such. There exists a significant distinction between (1) a failure to testify about the events occurring on a particular date, and (2) affirmative testimony that certain events did not occur on a particular date. Plaintiff's argument conflates these two very distinct notions. Simply put, Hargrave's failure to testify that she purchased cocaine from Plaintiff on the dates in question, a matter not relevant to Counts III or V, simply cannot be interpreted as constituting, as Plaintiff asserts, affirmative evidence that Plaintiff did not sell cocaine to Hargrave on the dates in question.[4] Furthermore, while Plaintiff suggests that the statute of limitations should have been tolled in this matter, he has failed to demonstrate entitlement to such relief. *See, e.g., Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000) (tolling applies "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control," thus "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

Because the statute of limitations is an affirmative defense, Defendants bear the burden to demonstrate that the limitations period has expired. *See, e.g., Smith v. Hilliard*, 578 Fed. Appx. 556, 562-63 (6th Cir., Sept. 3, 2014). If Defendants satisfy their burden in this regard, the burden shifts to

---

[3] Count V was a charge of possession of cocaine with the intent to distribute. The evidence supporting this charge was testimony by a police officer concerning the execution of a search warrant on Plaintiff's residence on July 28, 2010. *Id.* at Page ID# 255-74.

[4] As an aside, the Court notes that testimony by another witness supports the charges in Counts II and IV that Plaintiff sold cocaine to a confidential informant on July 15, 2010, and July 26, 2010. *United States v. Fleming*, 1:10-cr-301, Dkt. #55 at Page ID# 245-52 (W.D. Mich.).

Plaintiff "to establish an exception to the statute of limitations." *Id.* at 563.  Defendants have met their burden to demonstrate that the present action was initiated after the expiration of the relevant limitations period and Plaintiff has failed to demonstrate that he is entitled to the benefit of any exception thereto.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss, (Dkt. #28), be **granted** and this action **dismissed**.  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  March 23, 2015                               /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge