UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARJUAN SHONDELL FLEMING,

    Plaintiff,

v

KALAMAZOO DEPARTMENT OF
PUBLIC SAFETY *et al.*,

    Defendants.
_____/

Case No. 1:14-cv-476

HON. JANET T. NEFF

## OPINION AND ORDER

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving a claim that Defendants violated Plaintiff's civil rights by fabricating evidence related to criminal charges that were subsequently dismissed. Defendants filed a motion to dismiss, arguing that this action was time-barred. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that Defendants' motion be granted and this case be dismissed. The matter is presently before the Court on Plaintiff's Objections to the Report and Recommendation (Dkt 39). Defendants have filed a Response (Dkt 44), and Plaintiff has filed a Reply (Dkt 45). Plaintiff has also filed five separate motions in this case, to stay the proceedings, appoint counsel, produce discovery, and file an amended complaint; all of which were filed after the Report and Recommendation was issued. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and the motions, and issues this Opinion and Order.

I. Objections

Plaintiff asserts that "[t]he Court was without lawful authority to determine if Plaintiff's allegations and claims 'survive scrutiny[,]' under the guise of the Defendants['] request of a 12(b)(6) motion" (Dkt 39 at Page ID# 199-200). In his lengthy and haphazard objections, Plaintiff sets forth numerous arguments and allegations of error in the Report and Recommendation, relating to the following topics: (1) the Magistrate Judge failed to comply with the standards for consideration of a FED. R. CIV. P. 12(b)(6) motion by not accepting Plaintiff's allegations in the complaint as true; (2) the complaint alleged the overt acts continuing through the present date, and so the Court may not find any claim time-barred; (3) the Magistrate Judge made an error of material fact that confidential informant Cassandra Hargrave did not testify on April 11 that she had only purchased crack cocaine from the Plaintiff "one time" on behalf of KVET; (4) the Magistrate Judge impermissibly required Plaintiff to produce incontestable evidence of Defendants' culpability, and reached the merits of the complaint without the benefit of discovery, at the initial pleading stage; (5) the Magistrate Judge failed to liberally construe Plaintiff's claims as is required; (6) Plaintiff's "denial of legal process claim" would not occur until knowledge of his injury; (7) the Report and Recommendation reached the merits of the complaint, without notice to Plaintiff, impermissibly decided disputed fact issues and impermissibly resolved "when the statute of limitations began to run," by not accepting the allegations contained in the complaint as true; (8) improperly converted the Rule 12(b)(6) motion into a motion for summary judgment by considering the testimony of Defendant Ferguson; and (9) the Report and Recommendation failed to address his allegations in ¶¶ 16-23 and his claims of a civil conspiracy.

Plaintiff's arguments reflect a misapprehension of the Rule 12(b)(6) standards and the legal effect of a determination that his complaint is time-barred. The Magistrate Judge properly considered and determined that Plaintiff's complaint was subject to dismissal based on the record before the Court. Plaintiff's objections do not undermine that conclusion, and Plaintiff's proposed discovery would not change that result. Accordingly, Plaintiff's objections are without merit and his various motions to stay and for discovery are properly denied as futile.

Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." In deciding a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations in the complaint as true. *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). However, a court "need not ... accept as true legal conclusions or unwarranted factual inferences." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). The determination that a complaint was filed outside of the applicable limitations period is a conclusion of law. *CMACO Auto. Sys., Inc. v. Wanxiang Am. Corp.*, 589 F.3d 235, 242 (6th Cir. 2009).

Contrary to Plaintiff's contentions, the Magistrate Judge did not violate these standards in the Report and Recommendation. Plaintiff is incorrect that the "no set of facts" standard applies to Defendants' motion. The Supreme Court retired the "no set of facts" formulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007). To survive a motion to dismiss, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Plaintiff is also incorrect that the Magistrate Judge was without authority to consider the time-bar issue. The Sixth Circuit has emphasized that because the statute of limitations is an affirmative defense, a motion under Rule 12(b)(6) "is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations," *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); however, there are exceptions to this general rule, including if "the allegations in the complaint affirmatively show that the claim is time-barred." *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

Plaintiff is also incorrect that the Court is strictly limited to considering only Plaintiff's pleadings on a motion to dismiss, without converting the motion to one for summary judgment entitling Plaintiff to discovery. "[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (citing FED. R. CIV. P. 10(c)). The court may also consider documents referred to in the pleadings that are integral to the claims, as well as matters of public record, without converting a motion to dismiss into one for summary judgment. *Id.* at 336; *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). Plaintiff's procedural objections are without merit.

Likewise, Plaintiff's various objections to the Magistrate Judge's substantive decision also are without merit because the record clearly established that Plaintiff's complaint is time-barred. The Magistrate Judge found Plaintiff's complaint time-barred on two independent grounds. First, the Magistrate Judge logically determined that the statute of limitations began to run no later than April 4, 2011, the date on which the charges against Plaintiff were dismissed because Plaintiff would have known at that time he did not sell cocaine to the informant on the dates at issue. Plaintiff did

not need to hear the trial testimony of the confidential informant to know whether he sold cocaine to her on the two dates charged.

Second, the Magistrate Judge found Plaintiff's argument against the time-bar fatally flawed because Plaintiff relied on factual conclusions that were unjustified by the confidential informant's testimony. Plaintiff disputes the Magistrate Judge's assertions regarding the testimony; however, any factual dispute concerning the testimony is immaterial because either way, as discussed above, Plaintiff would not have needed to hear the confidential informant's testimony to know that he did not sell drugs on the two dates at issue. The Magistrate Judge properly determined that Plaintiff's complaint was time-barred.

Plaintiff objects to the Court not permitting discovery before rejecting the allegations in the complaint. He contends that he will be able to produce evidence in support of his claims if allowed discovery. No fact discovery will change the above legal analysis, and Plaintiff's arguments to the contrary are illogical. Plaintiff's numerous arguments do not demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. His objections are therefore denied.

Finally, to the extent Plaintiff raises new arguments in opposition to Defendant's motion, such as a "continuing violations" theory, that were not raised before the Magistrate Judge, those issues are procedurally barred. *See Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010) (stating that while the Sixth Circuit has not squarely addressed whether a party may raise new arguments before a district judge, that were not presented to the magistrate judge, the Sixth Circuit has indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver). *See, e.g.*, *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998); *Marr v. Foy*, No. 1:07-cv-908, 2010 WL 3061297 (W.D.

Mich. Aug. 3, 2010); *Jones-Bey v. Caruso*, 1:07-cv-392, 2009 WL 3644801 (W.D. Mich. Oct. 30, 2009).

Further, while a continuing violation may affect the computation of the statute of limitations, the doctrine is rarely extended to § 1983 civil rights actions. *See Kuhnle Bros, Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997); *Childress v. Wood*, No. 10-cv-14711, 2011 WL 893215, at *2 (E.D. Mich. Jan. 11, 2011) (citing *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003)). Plaintiff has provided no basis its application here.

## II. Motions

As an initial matter, Plaintiff's various motions are belated, all having been filed after the issuance of the Magistrate Judge's Report and Recommendation to dismiss this case. In any event, the motions are without merit. Plaintiff has filed a motion to appoint counsel (Dkt 40). The appointment of counsel in a civil proceeding is justified only by "exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). Plaintiff fails to show any exceptional circumstances justifying the appointment of counsel, and regardless, this motion is moot since his complaint is time-barred.

Plaintiff has filed a motion to stay these proceedings (Dkt 38) and two motions to produce discovery (Dkts 41, 43). For the reasons discussed above, these motions are futile and are properly denied.

Finally, Plaintiff has filed motion for leave to file an amended complaint (Dkt 42) to include a statement of when "exactly" he discovered his cause of action. This Court has discretion to grant or deny a motion for leave to amend under FED. R. CIV. P. 15(a)(2). *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013). "The court should freely give leave when justice so

requires." FED. R. CIV. P. 15(a)(2). Factors a court may consider before permitting an amendment include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989); *see also Commercial Money Ctr.*, 508 F.3d at 346. Plaintiff's proposed amendment would not cure the time-bar and therefore the motion is properly denied as futile.

### III. Conclusion

For the reasons stated, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 39) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 37) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Dkt 28) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay proceedings (Dkt 38), motion to appoint counsel (Dkt 40), motions to produce (Dkts 41, 43), and motion for leave to file an amended complaint (Dkt 42) are DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.

Dated: September 28, 2015        /s/ Janet T. Neff
                                 JANET T. NEFF
                                 United States District Judge